Opinion by RAO, J. In accordance with stipulation of counsel that certain items of the merchandise are similar in all material respects to the merchandise the subject of *Freund Mayer & Co., Inc.* v. *United States* (39 C. C. P. A. 123, C. A. D. 474), the claim at 15 percent under the provision in paragraph 1413 for paper, embossed, cut, die-cut, or stamped into shapes, as modified by T. D. 51802, was sustained. Other items of the merchandise stipulated to consist of manufactures of paper wadding or manufactures of pulp wadding similar in all material respects to importations of manufactures of paper wadding and manufactures of pulp wadding which are currently being so classified pursuant to the provisions of paragraph 1404, as modified by T. D. 51802, were held dutiable at 6 cents per pound and 7½ percent ad valorem.

BEFORE THE THIRD DIVISION, APRIL 1, 1953

**No. 57241.**—W. A. Taylor & Co. *v.* United States, protest 195278–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise, issues, and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importer. In accordance with stipulation of counsel and following the decision cited it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested, not found. The protest was sustained to this extent.

**No. 57242.**—James McCreery & Co. *v.* United States, protest 188943–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the issue and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as not landed were not in fact landed. In accordance with stipulation of counsel and following the decision cited it was held that duty is not assessable upon the 61 slips and 1 nightgown missing from case No. 225. The protest was sustained to this extent.

BEFORE THE FIRST DIVISION, APRIL 2, 1953

**No. 57243.**—A. S. Gold & Bro., Inc. *v.* United States, protests 483786–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra.*

No. 57244.—Continental Fur Corp. et al. *v.* United States, protests 517920–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra.*

No. 57245.—Anglo American Fur Merchants Corp. et al. *v.* United States, protests 885546–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra.*

No. 57246.—Hoffman & Solomon et al. *v.* United States, protests 912038–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra.*